J. C. MARSH *v.* HIS CREDITORS AND THE CREDITORS OF MARSH & CO.

The commissions of syndics upon the property sold take precedence of the vendor's privilege as an expense of administration resulting to the benefit of the vendor, but not so the fees of the cousel for insolvent, nor the counsel for syndic, nor the attorney of absent creditors.
Code, 3223, 3234.

APPEAL from the Sixth District Court of New Orleans, *Cotton*, J.
*Legardeur*, for *Pochel*, opponent and appellant. *Coxe* and *Brewer*, for syndic.

LEA, J. The question to be determined in this case is "What are the expenses which immovables subject to the vendor's privilege must contribute, under Article No. 3234 of the Civil Code "where the remaining assets are insufficient to pay costs." The Article referred to provides that the vendor shall be paid from the price of the object affected in their favor in preference to other privileged debts of the debtor, even funeral charges, except the charges for affixing seals, making inventories, and others which may have been necessary to *procure the sale of the thing*. In this case the issue between the parties is what charges were necessary to "procure the sale of the thing." On the one hand it is contended that this claim embraces all the charges of the administration by the syndic, and on the other, that its application is to be restricted to those charges without which the sale could not have taken place. We think this latter construction most in accordance with the letter of the Article and the decisions interpreting it. We adopt, however, the ruling of our predecessors in the case of *Monroe* v. *His Creditors*, 2d Rob. 281, which includes the syndic's commissions upon the property sold as an expense of the administration resulting to the benefit of the vendor. It is conceded thatthe sheriff's clerk's, notary's and appraisers' fees were necessary charges in procuring the sale, and as to these charges we consider the opposition withdrawn. It is, therefore, unnecessary for this court to pass upon their validity. To these we think the syndic's commission should be added, for the reasons before stated. Neither the fees of the counsel for the insolvent, nor of the syndic (far less that of the attorney of absent creditors) constitute a charge without which the sale could not have taken place. For a construction of an analogous Article of the Civil Code see *Gurritson* v. *His Creditors*, 1st Robinson, 446, also Civil Code, 3223.

The opposition filed is not deficient in pleading. As the opponent does not dispute the correctness of any of the items on the tableau, but merely claims a superiority of privilege, it was not necessary that each item should be specially opposed.

It is ordered that the judgment appealed from be reversed, that the opponent be placed on the tableau as a creditor in the sum of $3,335, with privilege

MARSH
*v.*
CREDITORS.

upon the proceeds of the property refered to in his opposition above all others, except the fees of the sheriff, clerk, appraisers, notary, and the commissions of the syndic, and that in other respects the judgment be affirmed. It is further ordered that the costs of this appeal be paid by the appellee.